UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN L. BUDSBERG, for the Estate of Mark DuBois and Estate of Donna DuBois,<br><br>Plaintiff,<br>v.<br><br>TED SPICE, BRIAN BARTELSON, ALASKA USA FEDERAL CREDIT UNION, DONNA E. DUBOIS, Estate of Doris E. Mathews, CITY OF PUYALLUP, ESTATE OF DORIS MATTHEWS, TACOMA PIERCE COUNTY HEALTH DEPARTMENT,<br><br>Defendants. | CASE NO. 19-5772 RJB<br><br>ORDER REGARDING STATUS REPORT, DISMISSING PARTIES AND ORDER TO SHOW CAUSE |

THIS MATTER comes before the Court on the February 24, 2020 pleading entitled "Joint Status Report," which was not signed by all the parties in the case (Dkt. 63) and the February 26, 2020 Order to Show Cause. The Court has reviewed the pleading and the remaining file.

ORDER REGARDING STATUS REPORT, DISMISSING PARTIES AND ORDER TO SHOW CAUSE - 1

On January 24, 2020, the parties in this case were ordered to file a Joint Status Report pursuant to Fed. R. Civ. P. 26(f) and Local Rule W.D. Wash. 26, by February 24, 2020. Dkt. 55.

This interpleader case was filed on August 20, 2020, by Bankruptcy Trustee Brian Budsberg, in accordance with an order from the U.S. Bankruptcy Court for the Western District of Washington, in *In re Dubois,* case number 13-46104. Dkt. 1. It arises from a dispute among the Defendants who have asserted conflicting claims to $124,769.28. *Id*. On October 11, 2019, the Plaintiff filed the motion for leave to deposit the disputed funds into the Registry of the Court and for an order which states that "Plaintiff is hereby released and discharged from all liability to Defendants and all parties at any time asserting a claim of entitlement to the funds on account of the subject matter of this action, or relating to the Court's distribution of the deposited funds." Dkt. 28. Bankruptcy Trustee Brian Budsberg's motion was granted, and he deposited the disputed amount in the Registry of the Court on February 10, 2020. Dkt. 59. Defendant Ted Spice asserted counter-claims against Budsberg and his law firm, Budsberg Law Group PLLC. Dkt. 62.

On February 24, 2020, the instant pleading, entitled "Joint Status Report," was filed. Dkt. 63. It was not signed by all attorneys of record - Bankruptcy Trustee Brian Budsberg, who is named as the Plaintiff and as a counter-defendant, and Mathew Cunanan, who has appeared for Defendant Ted Spice. *Id*. Further, one of the attorneys of record, who signed the report, indicated that the Defendant he represents, Brian Bartelson, will not participate further in the case. *Id.*

The record also indicates that the Estate of Dorothea M. Spice may also not be interested in pursuing this matter because the estate's interest would be around $1,250. Dkt. 52.

On February 26, 2020, the undersigned issued an Order to Show Cause, which noted that attorneys Budsberg and Cunanan failed in their obligations under Rule 26 when they failed to sign a Joint Status Report. Dkt. 64. They were ordered to either indicate their agreement with the February 24, 2020 report as filed or file a new joint status report, which was signed by all attorneys of record in the case by **March 13, 2020**. *Id*. They were warned that a failure to do so may result in potential sanctions under Fed. R. Civ. P. 37. *Id.* The parties were also ordered to show cause, if any they had, in writing, why Mr. Bartelson and the Estate of Dorothea M. Spice should not be dismissed from this case by March 13, 2020. *Id.*

On March 6, 2020, Budsberg filed a motion to dismiss the counter-claims asserted against himself and his law firm, Budsberg Law Group PLLC, in part, pursuant to the doctrine announced in *Barton v. Barbour*, 104 U.S. 126 (1881) ("*Barton* doctrine"). Dkt. 66. "Under *Barton*, plaintiffs must obtain authorization from the bankruptcy court before initiating an action in another forum against certain officers appointed by the bankruptcy court for actions the officers have taken in their official capacities." *In re Yellowstone Mountain Club, LLC*, 841 F.3d 1090, 1094 (9th Cir. 2016)(*internal quotation marks and citations omitted*). The district court is considered "another forum." *Id.*

On March 10, 2020, Defendant Spice filed an amended answer and withdrew all counterclaims asserted against attorney Budsberg and his law firm. Dkt. 67. On March 12, 2020, Budsberg and his law firm withdrew their motion to dismiss. Dkt. 68.

None of the parties responded to the February 26, 2020 order. The Court will first address which parties should be dismissed from this case and then the failure to respond to the February 26, 2020 order.

# DISCUSSION

**A. DISMISSAL OF PARTIES**

On February 26, 2020, the parties were also ordered to show cause, if any they had, in writing, why Mr. Bartelson and the Estate of Dorothea M. Spice should not be dismissed from this case by March 13, 2020. The parties did not respond. Accordingly, Defendants Brian Bartelson and the Estate of Dorothea M. Spice should be dismissed.

Further, there are no remaining claims asserted against Brian Budsberg and his law firm, Budsberg Law Group PLLC. They should be dismissed from this case as well.

**B. SPICE'S ATTORNEY'S FAILURE TO RESPOND TO FEBRUARY 26, 2020 ORDER**

Fed. R. Civ. P. 26(f)(2) provides in relevant part,

> The attorneys of record and all unrepresented parties that have appeared in the case are jointly responsible for arranging the conference, for attempting in good faith to agree on the proposed discovery plan and for submitting to the court within in 14 days after the conference a written report outlining the plan.

Two attorneys of record failed to sign the February 24, 2020 report, but are asserted to have participated in the Rule 26 conference. Dkt. 63. Brian Budsberg and his law firm are now dismissed. Mathew Cunanan, who has appeared for Defendant Ted Spice, has failed to respond. Mathew Cunanan has failed in his obligations to submit a plan to the Court as required under Rule 26.

Pursuant to Fed. R. Civ. P. 37(f):

> Failure to Participate in Framing a Discovery Plan. If a party or its attorney fails to participate in good faith in developing and submitting a proposed discovery plan as required by Rule 26(f), the court may, after giving an opportunity to be heard, require that party or attorney to pay to any other party the reasonable expenses, including attorney's fees, caused by the failure.

On or before March 27, 2020, the parties are ordered to show cause, if any they have, in writing, why attorney Mathew Cunanan should not be ordered to pay the remaining parties in the case "reasonable expenses, including attorney's fees, caused by [his] failure" to sign the February 24, 2020 status report or to submit signed proposed amendments thereto. Additionally, the February 24, 2020 report indicates that no discovery is required. If that remains true, the parties should consider whether an expedited case schedule is warranted. In particular, whether the case can be handled by motions practice; if so, parties should consider proposing a briefing schedule.

**IT IS ORDERED THAT**:

- The following parties **ARE DISMISSED**: Bankruptcy Trustee Brian Budsberg, Budsberg Law Group PLLC, Brian Bartelson, and the Estate of Dorothea M. Spice; and

- By **March 27, 2020**, the parties **ARE ORDERED TO SHOW CAUSE**, if any they have, in writing, why attorney Mathew Cunanan should not be ordered to pay the remaining parties in the case "reasonable expenses, including attorney's fees, caused by [his] failure" to sign the February 24, 2020 status report or to submit signed proposed amendments thereto.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 17th day of March, 2020.

*[signature: Robert J. Bryan]*

ROBERT J. BRYAN
United States District Judge

ORDER REGARDING STATUS REPORT, DISMISSING PARTIES AND ORDER TO SHOW CAUSE - 5