UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| BRIAN L. BUDSBERG, for the Estate of Mark DuBois and Estate of Donna DuBois,<br><br>Plaintiff,<br>v.<br><br>TED SPICE, BRIAN BARTELSON, ALASKA USA FEDERAL CREDIT UNION, ESTATE OF DORETHA SPICE, DONNA E. DUBOIS, Estate of Doris E. Mathews, CITY OF PUYALLUP, ESTATE OF DORIS MATTHEWS, TACOMA PIERCE COUNTY HEALTH DEPARTMENT, UNITED STATES OF AMERICA, and THOMAS MILLER,<br><br>Defendants. | CASE NO. 19-5772 RJB<br><br>ORDER ON MOTION FOR SUMMARY JUDGMENT |

THIS MATTER comes before the Court on Ted Spice's Motion for Summary Judgment and Disbursement of Registry Funds. Dkt. 90. The Court has considered the pleadings filed regarding the motions and the remaining file.

ORDER ON MOTION FOR SUMMARY JUDGMENT - 1

This interpleader case was filed on August 20, 2020, by Bankruptcy Trustee Brian Budsberg, in accordance with an order from the U.S. Bankruptcy Court for the Western District of Washington, in *In re Dubois*, case number 13-46104. Dkts. 1, 12, and 23. The case arises from a dispute among the Defendants who have asserted conflicting claims to $124,769.28, which has been deposited in the registry of the Court. *Id*.

The relevant facts and procedural history are in the June 9, 2020 Order on Motion for Summary Judgment (Dkt. 85) and June 15, 2020 Order Granting the United States' Motion for Judgment on the Pleadings (Dkt. 87) and are adopted here.

The June 9, 2020 order noted that, at that point, the only remaining Defendants were the United States, Ted Spice, Alaska USA Federal Credit Union ("Alaska CU") and the City of Puyallup. Dkt. 85. In that order, this Court held that Ted Spice was entitled to homestead protection over the interpleaded funds. Dkt. 85. It also held that:

> Of the remaining Defendants in this interpleader action, the Federal tax lien comes first, Spice's homestead comes next, and Alaska CU is the first judgment creditor to file a lien against Spice's property. None of the parties dispute that Alaska CU was the "first-in-time." The City of Puyallup is apparently fourth in line.

*Id.*

On June 15, 2020, $51,861.60 was ordered to be disbursed to the United States out of the interplead funds for the Federal tax lien. Dkt. 87.

Now pending is Ted Spice's motion for summary judgment for disbursement of the approximately $72,907.68 remaining funds. Dkt. 90. He points out that the homestead exemption protects up to $125,000 under RCW 6.13.030. *Id*. He argues that because this Court has already held that he is entitled to homestead protection on the funds, and that he is next in line after the United States, he should be awarded the remainder of the funds that are in the court registry. *Id.*

ORDER ON MOTION FOR SUMMARY JUDGMENT - 2

1    The City of Puyallup filed a response and limited objection to Spice's motion.  Dkt. 93.
2 The City does not object to the disbursement of funds but, asks that the Court include language
3 in the order limiting Spice's ability to assert a homestead exemption on any other property at the
4 time the order is entered.  *Id.*
5    Spice replies and argues that his motion should be granted.  Dkt. 94.  He argues that there
6 are no grounds offered to limit his award as requested by the City.  *Id.*

## **DISCUSSION**

### **A.  MOTION FOR SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56 (c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985).  There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party.  *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt.").  *See also* Fed. R. Civ. P. 56 (d).  Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 253 (1986); *T.W. Elec. Service Inc. v. Pacific Electrical Contractors Association*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The court must consider the substantive evidentiary burden that the nonmoving party must meet at trial – e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254, *T.W. Elect. Service Inc.*, 809 F.2d at 630. The court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elect. Service Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, non-specific statements in affidavits are not sufficient, and "missing facts" will not be "presumed." *Lujan v. National Wildlife Federation*, 497 U.S. 871, 888-89 (1990).

**B. MOTION**

Ted Spice's motion (Dkt. 90) should be granted and the remaining funds in this case should be disbursed to him. No party opposes the motion; there are no issues of fact and Spice is entitled to a judgment as a matter of law.

The City of Puyallup's request that the Court limit the Plaintiff's ability to claim a homestead exemption on any other property should be denied without prejudice. This is not the proper forum for such a ruling and the City offers no evidence that Spice has made other homestead claims. There are no remaining issues in this case. It should be dismissed with prejudice.

**C. DISBURSEMENT OF FUNDS AND LOCAL RULE 67(b)**

Western District of Washington Civ. R. P. 67(b) provides:

> All motions for disbursement of registry funds shall specify the principal sum initially deposited, the amount(s) of principal funds to be disbursed and to whom the disbursement is to be made. Each proposed order shall contain the following language: "... the clerk is authorized and directed to draw a check(s) on the funds

deposited in the registry of this court in the principal amount of $ plus all accrued interest, minus any statutory users fees, payable to (name of payee) and mail or deliver the check(s) to (name of payee)." . . .

The court requires the mailing address(es), Social Security number(s) or Tax ID(s) of the disbursement recipients be provided to the Clerk and shall not be filed in the record.

Ted Spice has not complied with Local Rule 67(b). He failed to file a proposed order with the required language. If he has also failed to provide his mailing address and social security number to the Clerk of the Court, he is advised that no disbursement can be made until he provides the Clerk of the Court with his mailing address and social security number.

**ORDER**

It is **ORDERED** that:

- Ted Spice's Motion for Summary Judgment and Disbursement of Registry Funds (Dkt. 90) **IS GRANTED**; and

- The clerk is authorized and directed to draw a check on the funds deposited in the registry of this court for the remainder of the funds (approximately $72,907.68), plus all accrued interest, minus any statutory users fees, payable to Ted Spice and mail or deliver the check to Ted Spice;

- This case **IS DISMISSED WITH PREJUDICE**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 3rd day of August, 2020.

ROBERT J. BRYAN
United States District Judge